IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35129-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS JOSEPH CORKERY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Thomas Corkery appeals after his conviction for

attempted second degree robbery. He argues there was insufficient evidence to support

his conviction. We disagree and affirm.

FACTS

Annette McEachren, the general manager of the Plato's Closet in Spokane, saw the

appellant, Thomas Corkery, leave the clothing store carrying a pair of jeans he had not

paid for. She followed Corkery and saw him toss the stolen jeans into the passenger seat

of his car. McEachren reached through the passenger window to retrieve the jeans.

Corkery told her she could not have the jeans and he began to drive away. As he drove

away, McEachren was lifted off the ground and was taken away with the vehicle. After a short while, she pulled herself into the passenger seat.

McEachren repeatedly told him to stop the car. She reached for the gear shift and the keys in an effort to stop the car. Corkery slapped at her hands to prevent this. Corkery told McEachren that she could not have the jeans, and she needed to get out of the car. After driving through a portion of the mall parking lot, Corkery changed his mind and stopped the car. McEachren then got out of the car with the jeans.

Another employee took down the license plate number, and McEachren later identified Corkery in a photo lineup.

The State charged Corkery with second degree robbery. McEachren testified to the above facts and the fear she had during the encounter. She testified she was concerned with her physical safety while she hung from the car window and thought that Corkery might try to run her against the side of one of the objects along the walkway.

A jury found Corkery guilty of attempted second degree robbery, and the trial court entered a judgment of conviction and sentenced him. Corkery appeals.

No. 35129-7-III
*State v. Corkery*

ANALYSIS

Corkery challenges the sufficiency of the evidence for his conviction. Specifically, he argues there was insufficient evidence that he attempted to retain the jeans by use or threatened use of force.

SUFFICIENCY OF THE EVIDENCE TO PROVE ATTEMPTED SECOND DEGREE ROBBERY

The State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

A person commits second degree robbery

3

> when he or she unlawfully takes the personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or to his or her property or the person or property of anyone. . . . [T]he degree of force is immaterial.

RCW 9A.56.190. "Any force or threat, no matter how slight, which induces an owner[1] to part with his property is sufficient to sustain a robbery conviction." *State v. Handburgh*, 119 Wn.2d 284, 293, 830 P.2d 641 (1992).

Under RCW 9A.28.020(1), a person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act that is a substantial step toward the commission of that crime. The intent required is the intent to accomplish the criminal result of the base crime. *State v. Johnson*, 173 Wn.2d 895, 899, 270 P.3d 591 (2012). A substantial step is an act that is "'strongly corroborative'" of the actor's criminal purpose. *Id.* (quoting *State v. Luther*, 157 Wn.2d 63, 78, 134 P.3d 205 (2006)).

Here, when Corkery put his car in drive, the force lifted McEachren off the ground. McEachren testified that she was afraid of being injured before she pulled herself into the car. Corkery's act of driving away with McEachren dangling from the

---

[1] Corkery does not challenge his conviction on the basis that the general manager had an insufficient interest in the jeans for his taking to constitute robbery. Such a challenge would have been unsuccessful. *See State v. Richie*, 191 Wn. App. 916, 926, 365 P.3d 770 (2015) (off-duty sales clerk had sufficient representative capacity over store items so that defendant's taking of such items from the clerk constituted robbery).

4

side window constituted a use of force to retain the jeans. Later, Corkery slapped at McEachren's hands when she reached for the keys in an effort to stop the car. This act also constituted a use of force to retain the jeans. Corkery's acts of driving away with the jeans and preventing McEachren from stopping his car were both substantial steps toward accomplishing his purpose of retaining the jeans by force. We conclude that the State presented sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Corkery took a substantial step toward retaining the jeans by the use of force.

APPELLATE COSTS

If the State substantially prevails, Corkery requests that this court decline to award appellate costs. We deem the State to be the substantially prevailing party. The trial court found that Corkery was entitled to appellate review at public expense due to his indigency. The State admits it is unaware of any change to Corkery's financial circumstances. Consistent with RAP 14.2, we defer the award of appellate costs to our commissioner or clerk/administrator.

No. 35129-7-III
*State v. Corkery*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Fearing, J.                                      Pennell, J.

6